```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


CHRISTY L. ELLIOTT,                )
                                   )
               Plaintiff,          )
                                   )   CIVIL ACTION
v.                                 )
                                   )   No. 06-2423-JAR-JTR
                                   )
MICHAEL J. ASTRUE,¹                )
Commissioner of Social Security,   )
                                   )
               Defendant.          )
_____)
```

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits and supplemental security income under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).  The matter has been referred to this court for a report and recommendation.  The court recommends the Commissioner's decision be REVERSED and REMANDED for further proceedings consistent with this opinion.

---

¹On Feb. 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.   Background**

Plaintiff's applications for disability insurance benefits and supplemental security income were denied initially and upon reconsideration.  (R. 17, 175-76, 919, 926).  Plaintiff sought, and on Apr. 6, 2005 was given a hearing before an Administrative Law Judge (ALJ).  (R. 17, 25-74).  At the hearing, testimony was taken from a medical expert, a vocational expert, and from plaintiff who was represented by an attorney.  (R. 17, 25-26).  The ALJ subsequently issued a decision in which she found at the fourth step of the sequential evaluation process that plaintiff is able to perform her past relevant work as an admissions clerk, as a secretary, and as a receptionist, and is, therefore, not disabled within the meaning of the Act.  (R. 17-24).

Plaintiff disagreed with the ALJ's decision and sought review by the Appeals Council.  (R. 12-13).  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  (R. 6-8); Threet v. Barnhart, 353 F.3d 1185, 1187 (10th Cir. 2003).  Plaintiff now seeks judicial review.

**II.   Legal Standard**

The court's review is guided by the Act.  42 U.S.C. §§ 405(g), 1383(c)(3).  Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court must determine whether the factual findings are supported by substantial evidence in the

record and whether the ALJ applied the correct legal standard. White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support the conclusion. Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d); see also, Barnhart v. Walton, 535 U.S. 212, 217-22 (2002)(both impairment and inability to work must last twelve months). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other

substantial gainful work existing in the national economy.  Id.; 20 C.F.R. §§ 404.1520, 416.920 (2005).

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Id. at 750-51.  If plaintiff's impairment does not meet or equal a listed impairment, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five, whether the claimant can perform her past relevant work, and whether she is able to perform other work in the national economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that

prevents performance of past relevant work.  <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred at step two by failing to state which impairments are "severe" and which are "not severe, and failed to properly consider certain impairments;" failed to consider third party statements; failed to make findings regarding the credibility of plaintiff's allegations regarding symptoms; and failed to give controlling weight to the treating physician's opinion or to properly weigh the opinions of the non-examining physicians.  The Commissioner argues that the ALJ properly discussed plaintiff's impairments; discredited the third-party statements by the same evidence that discredited plaintiff's testimony; properly evaluated the credibility of plaintiff's subjective complaints; and specifically articulated reasons for rejecting the treating physician's opinion.  The court begins with the errors alleged at step two.

**III. Step Two**

Plaintiff claims the ALJ failed to "identify with specificity which of the Plaintiff's impairments are 'severe' within the meaning of the regulations and which are not."  (Pl. Br., 41).  She claims the ALJ "did not take into account the

-5-

Plaintiff's obesity," (Pl. Br., 42), did not consider plaintiff's migraine headaches at any subsequent step in the process, (Pl. Br., 43) and did not consider fibromyalgia and chronic pain syndrome as medically determinable impairments at step two. (Pl. Br., 44). The Commissioner argues there was no error at step two because the ALJ discussed plaintiff's impairments and specifically stated the impairments established by the evidence in his findings. (Comm'r Br., 3). He points to evidence indicating the ALJ considered plaintiff's obesity and determined that plaintiff has multiple arthralgias but not chronic pain syndrome or fibromyalgia.

Plaintiff is correct that at step two an ALJ must consider "the claimant's impairment or combination of impairments," and determine whether that impairment or combination of impairments significantly limits plaintiff's ability to do basic work activities. (Pl. Br., 40)(citing without pinpoint citation Hinkle v. Apfel, 132 F.3d 1349 (10th Cir. 1997)). To establish a "severe" impairment at step two of the sequential evaluation process, plaintiff must make only a "de minimis" showing. Hinkle, 132 F.3d at 1352. She need only show that an impairment would have more than a minimal effect on her ability to do basic work activities. Williams, 844 F.2d at 751. However, she must show more than the mere presence of a condition or ailment. Id. (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).

However, plaintiff cites to no authority for the argument that an ALJ must make findings which differentiate between impairments which are "severe" and impairments which are "non-severe" within the meaning of the regulations. (Pl. Br., 41). To the contrary, plaintiff's brief reveals that an ALJ need only consider "the claimant's impairment or combination of impairments." (Pl. Br., 40)(citing Hinkle(citing 20 C.F.R. § 404.1520(c))). The regulations state, "If you do not have any impairment or <u>combination of impairments</u> which significantly limits your . . . ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled." 20 C.F.R. §§ 404.1520(c), 416.920(c)(emphasis added); <u>see also</u> 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)("If you do not have a severe medically determinable . . . impairment . . . or a <u>combination of impairments</u> that is severe . . ., we will find that you are not disabled)(emphasis added). Thus, the regulations contemplate that an ALJ will consider whether a claimant's impairments <u>in combination</u> are "severe."

Indeed, the regulations <u>require</u> that where a claimant has multiple impairments, the Commissioner "will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923: <u>see</u>

also 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(F)("the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity").  Therefore, since the ALJ found plaintiff has multiple impairments, it is not error for the ALJ to consider the impairments in combination and conclude that plaintiff has a "severe" combination of impairments because "One or more of the[] disorders impose some limitations on claimant's ability to function in the workplace."  (R. 18).

Plaintiff claims the ALJ did not take into account plaintiff's obesity when assessing RFC, and "there is no indication the ALJ . . . considered obesity at the other subsequent sequential evaluation steps."  (Pl. Br., 42).  As the Commissioner points out, in her step two analysis the ALJ noted that plaintiff "has weight disproportionate to height," and stated plaintiff's height and range of weight during the time period at issue.  (R. 18).  Further, plaintiff acknowledged that the ALJ included obesity in her list of plaintiff's combination of impairments.  (Pl. Br., 42, n.8)(citing R. 23).  The ALJ clearly took into account plaintiff's obesity.  More is not required.  The court will not require the ALJ to state that she considered obesity at each step in the sequential evaluation process.  The decision reveals that the ALJ considered plaintiff's obesity, and plaintiff does not point to any evidence

indicating limitations caused by obesity which were ignored or not properly considered by the ALJ.

Plaintiff's arguments regarding consideration of migraine headaches are equally unavailing.  As plaintiff admits, the ALJ discussed plaintiff's migraines at step two and noted that plaintiff has had migraines since age five and has worked at substantial gainful activity level in the past despite having migraines.  (Pl. Br. 43)(citing R. 21).  Plaintiff argues that the ALJ did "not take into account any progressiveness of the migraine headaches or increase in intensity or frequency."  (Pl. Br. 43-44).  Although plaintiff cites to her testimony regarding the <u>current</u> effects of her migraines, she points to no evidence which would tend to show that the migraines have "progressed" and are worse than when she previously was able to work.  <u>Id.</u>

In her final step two argument, plaintiff points to evidence in the medical records tending to show that she has been diagnosed with fibromyalgia and chronic pain syndrome.   (Pl. Br. 44).  Plaintiff claims the ALJ committed reversible error when she did not identify these impairments as medically determinable impairments and did not take the impairments into account in evaluating plaintiff's condition.  <u>Id.</u>  The Commissioner points to the testimony of the medical expert, Dr. Karsh, that the determination of functional limitations resulting from plaintiff's fibromyalgia and chronic pain syndrome "depended on

-9-

'how much credence you give to those complaints.'" (Comm'r Br. 4)(quoting R. 43). The Commissioner then states that "the ALJ found Plaintiff less than fully credible," and implies that the ALJ need not consider and discuss fibromyalgia and chronic pain syndrome because she found plaintiff not credible. Id.

Finding plaintiff's allegations not credible would not excuse a failure to consider all alleged impairments at step two. If the ALJ finds plaintiff's condition does not meet or equal a listed impairment at step three, she must determine the credence to give plaintiff's complaints of limitations before proceeding to step four of the sequential evaluation process. 20 C.F.R. §§ 404.1520(e), 416.920(e). However, "[S]ymptom-related limitations and restrictions must be considered at [ ] step [two] of the sequential evaluation process, provided that the individual has a <u>medically determinable impairment(s)</u> that could reasonably be expected to produce the symptoms." Social Security Ruling (hereinafter SSR) 96-3p, West's Soc. Sec. Reporting Serv., Rulings 117 (Supp. 2006)(emphasis added).

Therefore, the first consideration at step two is what, if any, medically determinable impairments plaintiff has regardless of the credibility of her allegations of the severity of those impairments. A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and

-10-

laboratory diagnostic techniques.  A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. §§ 404.1508, 416.908.

Here, the ALJ did not discuss fibromyalgia and/or chronic pain syndrome.  She merely determined that plaintiff has "arthralgias in multiple anatomical areas."  (R. 18).  Although such "arthralgias" might conceivably be equated with fibromyalgia or chronic pain syndrome, the ALJ did not affirmatively make that link.  She did not cite to any evidence regarding the "arthralgias" from which the court might determine that her finding regarding "arthralgias" included fibromyalgia and/or chronic pain syndrome.  She did not even include citations to evidence in which fibromyalgia and/or chronic pain syndrome were mentioned.  She did not find that fibromyalgia and/or chronic pain syndrome are not medically determinable impairments in the facts of this case.  Therefore, any analysis or findings the court might make in that regard would be mere speculation regarding the ALJ's analysis.  Therefore, remand is necessary for the Commissioner to determine whether fibromyalgia and/or chronic pain syndrome are medically determinable impairments in the circumstances and, if so, to include those impairments in his consideration and analysis regarding the remaining steps in the sequential evaluation process.

**IV.  Credibility Determination**

Plaintiff claims the ALJ recited the factors to be considered in a credibility determination, and made occasional comments relevant to consideration of certain factors but utterly failed to make <u>any findings</u> regarding the credibility of plaintiff's allegations of symptoms and did not state which portions of plaintiff's allegations were found to be credible and which portions were found not to be credible.  (Pl. Br. 45-56). The Commissioner argues that the ALJ properly articulated the standard for a credibility determination, properly considered all of the evidence (Comm'r Br. 4), "and properly articulated inconsistencies which led her to find Plaintiff less than fully credible" (Comm'r Br. 5), and the credibility determination should be affirmed because the inconsistencies noted are supported by the record.  (Comm'r Br. 6).  The court agrees with plaintiff's arguments.

An ALJ's credibility determinations are generally treated as binding on review.  <u>Talley v. Sullivan</u>, 908 F.2d 585, 587 (10th Cir. 1990).  "Credibility determinations are peculiarly the province of the finder of fact."  <u>Diaz v. Sec'y of Health & Human Serv.</u>, 898 F.2d 774, 777 (10th Cir. 1990).  Therefore, in reviewing the ALJ's credibility determinations, the court will usually "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility."

Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 801 (10th Cir. 1991). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988).

Here, the ALJ did not even make a <u>finding</u> regarding the credibility of plaintiff's allegations. As plaintiff argues, the ALJ noted the credibility standard to be applied. (R. 20)(citing Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987); and quoting 42 U.S.C. 423(d)(5)(A)). As the Commissioner argues, the ALJ noted certain inconsistencies in plaintiff's allegations. (R. 20)(worked beyond her alleged onset date, worked part-time at substantial gainful activity level despite the alleged impairments); (R. 21)(only one physician found plaintiff unable to work); (R. 22)(daily activities inconsistent with disability, did not lean heavily on cane). However, despite the discussion in the decision, there is no point at which the ALJ made a credibility finding or specifically weighed the inconsistencies presented and determined plaintiff is not credible or that certain statements are not credible.

As plaintiff noted in her reply brief, the Commissioner has instructed that a credibility determination "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's

-13-

statements and the reasons for that weight." SSR 96-7p, West's Soc. Sec. Reporting Serv., Rulings 134 (Supp. 2006).  Moreover, the Tenth Circuit has determined that an ALJ must explain and support with substantial evidence which testimony he did not believe and why.  McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002).  The court can only speculate regarding which testimony of plaintiff was rejected here and the ALJ's rationale for her credibility determination.  Therefore, remand is necessary for the Commissioner to properly evaluate plaintiff's allegations and explain what testimony he accepts, what testimony he rejects, and why.

Having found remand is necessary to properly evaluate fibromyalgia and/or chronic pain syndrome and to properly evaluate the credibility of plaintiff's allegations, the court need not consider plaintiff's arguments regarding third-party statements or evaluation of the medical opinions.  Plaintiff may make her arguments regarding these matters to the ALJ assigned on remand.

**IT IS THEREFORE RECOMMENDED** that the decision be REVERSED and JUDGMENT be entered pursuant to the fourth sentence of 42 U.S.C §405(g) REMANDING the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C.

§ 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 14th day of August 2007, at Wichita, Kansas.

s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**